*608 TEXTO COMPLETO DE LA SENTENCIA
El Estado Libre Asociado de Puerto Rico, Departamento de Salud (Departamento), presentó recurso de Certiorari &n el cual solicita se revoque la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Dora T. Peñagarícano, J.) el 7 de agosto de 2000 y notificada el 9 de agosto de 2000. Mediante ésta, se confirmó la determinación de la Junta Examinadora de Anuncios de la Comisión Estatal de Elecciones (la Junta) en la cual se autorizó la publicación de los anuncios propuestos por el Departamento, condicionado a que se elimínen las frases "Gobierno de Puerto Rico", incluidas en su logo, y "Nuestros Niños Primero".
Por los fundamentos que se explican a continuación, expedimos el auto de Certiorari y modificamos la sentencia recurrida.
A continuación, los hechos relevantes al caso de epígrafe.
I
El 11 de enero de 2000, el Departamento radicó ante la Comisión Estatal de Elecciones (C.E.E.) una solicitud de Autorización para Uso de Medios de Difusión en la cual los anuncios iban dirigidos a educar y orientar sobre el uso de agua potable y los pequicios que pueden conllevar para la salud la utilización del agua inadecuadamente y/o con alto contenido de contaminantes.
La Junta rindió un informe suscrito por su Presidente, el Ledo. Angel Hermida, en el cual aprobó, por votación unánime de sus miembros, los anuncios sometidos, sujeto a que se eliminaran del logo del Departamento las frases "Gobierno de Puerto Rico" y el término "Nuestros Niños Primero", por entender que éstas adelantan fines políticos-partidistas, fundamentado en el Artículo 8.001 de la Ley Electoral.
El 20 de enero de 2000, la C.E.E. notificó al Departamento que había aprobado el informe presentado por la Junta y le apercibió del término que tenía para recurrir ante el Tribunal para solicitar la revisión.
Inconforme, el Departamento presentó recurso de revisión ante el Tribunal de Primera Instancia, Sala Superior de San Juan. La C.E.E. presentó su oposición.
El foro de instancia confirmó la determinación de la C.E.E. y expresó lo que transcribimos a continuación:

"La frase Nuestros Niños Primero se ha convertido en un slogan que claramente se ha identificado con el P. N.P. y la frase Gobierno de Puerto Rico se ha identificado con el partido en el poder, por lo que el hecho de que éstas sean utilizadas en las campañas publicitarias del Departamento de Salud, es contrario al fin público exigido por nuestro ordenamiento constitucional y el principio constitucional de igualdad electoral que persigue lograr paridad económica entre los partidos políticos".

Ante dicha determinación, el Departamento recurre ante nos mediante recurso de Certiorari. Apunta el siguiente señalamiento de error:

“Erró el Honorable Tribunal Superior al confirmar la decisión de la Comisión Estatal de Elecciones (Junta de Anuncios), condicionando la autorización para la publicación de anuncios de alto y significativo interés público a la modificación del logo oficial del Departamento de Salud, debidamente inscrito en el Departamento de Estado, mediante la eliminación de la frase Gobierno de Puerto Rico y la frase Nuestros Niños Primero, por tratarse de "slogan o frases claramente identificadas con el partido (P.N.P.) en el poder".

II
El asunto que nos concierne es determinar si las frases "Gobierno de Puerto Rico" y "Nuestros Niños Primero" constituyen o no una prohibición, conforme al Artículo 8.001 de la Ley Electoral de Puerto Rico, Ley Núm. 4 del 20 diciembre de 1977, según enmendada, conocida como "Ley Electoral de Puerto Rico", 16 L.P.R.A. *609 sec. 3351. En esa evaluación no contamos con una determinación fundamentada por la C.E.E. Tampoco se desprende de la sentencia recurrida en qué se basa la misma para concluir que la frase Gobierno de Puerto Rico "se ha identificado con el partido en el poder", a tenor de los parámetros del Art. 8001. Dispone el referido Art. 8001 lo siguiente:

“Se prohíbe a las agencias del Gobierno de Puerto Rico, la Asamblea Legislativa de Puerto Rico y ala Rama Judicial, que a partir del 1°. de enero del año en que deba celebrarse una elección general y hasta el día siguiente a la fecha de celebración de la misma, incurran en gastos para la compra de tiempo y espacio en los medios de difusión pública con el propósito de exponer sus programas, proyectos, logros, realizaciones, proyecciones o planes. Se exceptúan de esta disposición aquellos avisos y anuncios de prensa expresamente requeridos por ley. ”

Adicionalmente, se exceptúan de la anterior disposición aquellos anuncios que sean utilizados para difundir información de interés público, urgencia o emergencia, los cuales sólo serán permitidos previa autorización al efecto de la Comisión Estatal de Elecciones.
Recientemente, en el caso Faz Alzamora v. Rosselló González, 0$. 26 de abril de 2000, 2000 J.T.S. 74, una mayoría del Tribunal Supremo se negó a dejar sin efecto lo resuelto por el Tribunal de Primera Instancia y por este Foro en un intento por el Senador Faz Alzamora de impugnar el uso de la frase Gobierno de Puerto Rico. En ese sentido, el foro de instancia expresó que: "No obstante, denomínese como "Estado Libre Asociado de Puerto Rico" o como "Gobierno de Puerto Rico", lo que es meridianamente claro es que el "Gobierno de Puerto Rico" es el "Estado Libre Asociado de Puerto Rico", y que "el término "Gobierno de Puerto Rico" no altera, en forma alguna, la esencia ni la estructura del sistema de gobierno establecido mediante la Constitución, ni alude a una fórmula de status que sea distinta de la relación jurídica y política que existe al presente entre los Estados Unidos y Puerto Rico." Al revisar ese dictamen, un panel de este Tribunal expresamente resolvió que utilizar el término impugnado de Gobierno de Puerto Rico no constituye una "cuestión política".
De otro lado, el alcance de la disposición citada se interpretó en el caso Romero Barceló v. Hernández Agosto, 115 D.P.R. 368, 393 (1984), Allí se señala sobre "el interés en' descontinuar durante el período eleccionario la práctica de las agencias gubernamentales de hacer campaña política mediante la publicación de anuncios sobre sus logros y planes".
Es distinguible el caso P.P,D. v. Junta Revisora Electoral, 109 D.P.R. 464 (1980), caso en el que nuestro más alto foro se negó a revisar una decisión de la Junta Revisora Electoral en que se permitía la publicación con fondos públicos de una invitación del señor Gobernador a celebrar el Día de Reyes de 1980 en La Fortaleza, ya que no se trataba de la exposición de "programas, proyectos, logros, realizaciones, proyecciones o planes".
En el caso P.P.D v. Rosselló González, Op. de 22 de diciembre de 1995, 95 J.T.S 156, 139 D.P.R. _ (1995), el Tribunal Supremo esbozó los criterios a considerar para saber si un anuncio no puede ser publicado y/o no resulta procedente; estos son:

"1) Redunda en beneficio de la salud, seguridad, moral y bienestar general de todos los ciudadanos;

2) Está destinado a una actividad de carácter público o semipúblico;

3) Promueve los intereses y objetivos de la entidad gubernamental, en consonancia con sus deberes y funciones o la política pública establecida;

4) Promueve programas, servicios, oportunidades y derechos, o adelanta causas sociales, cívicas, culturales, económicas o deportivas;

5) Promueve el establecimiento, modificación o cambio de una política gubernamental."

*610 En el caso que nos ocupa, los citados criterios están presentes. Los anuncios iban dirigidos a una actividad pública; o sea, a educar y orientar a los niños en general sobre el uso del agua potable, función y deber principal del Departamento de Salud. Entiéndase que su propósito no era hacer una exposición de "programas, proyectos, logros, realizaciones, proyecciones o planes", hecho que de por si hace inaplicable a este caso la prohibición del Art. 8.001, supra.
En Miranda v. Comisión, Op. De 25 de octubre de 1996, 96 J.T.S. 137, 141 D.P.R _ (1996), se discutieron otros criterios considerados para establecer la prohibición en los anuncios. Adviértase que los mismos no están presentes, ya que la frase "Gobierno de Puerto Rico" no ha sido utilizada por el P.N.P. en ninguna campaña eleccionaria, no es un símbolo político y no existen rótulos identificando al partido con dicha frase.
Aceptar la alegación de la Junta de que los anuncios adelantan fines políticos-partidistas, bajo estas circunstancias es completamente inconsistente con el Art. 8.001, supra. Esta prohibición, aunque amplia, no es absoluta. La misma prohíbe aquellos anuncios y publicaciones, directa e indirectamente, que de una u otra forma enaltecen o divulgan las ejecutorias del gobierno. Según su historial legislativo, tiene el propósito de terminar "durante el período eleccionario, la práctica de las agencias gubernamentales de hacer campaña política mediante la publicación de anuncios sobre sus logros y planes". Romero Barcelo v. Hernández Agosto, supra.
No podemos concurrir con el tribunal recurrido en cuanto a que el uso de la frase "Gobierno de Puerto Rico" pueda interpretarse como campaña política del partido en el poder. Nos parece claro que dicha frase no es un distintivo del Partido Nuevo Progresista, ni de ningún otro partido. Por el contrario, se trata éste de un término genérico también utilizado en la Constitución del E.L.A. Ajuicio nuestro, resulta irrazonable la determinación de la C.E.E. de eliminar en el anuncio del Departamento una frase incluida en su logo que en nada expone un programa, proyectos, logros, realizaciones, proyecciones o planes del P.N.P., sin una base racional. Al así actuar, abusó de su discreción la C.E.E. y el foro de instancia. Limitar la revisión judicial, amparado en el principio de deferencia con un récord huérfano de evidencia sustancial, equivale a obligamos a renunciar nuestras prerrogativas como foro apelativo para convertir la revisión judicial en un mero formalismo.
Las resoluciones citadas por la C.E.E. que produjeron sugerencias del Presidente de la Junta de Anuncios en relación con la frase Gobierno de Puerto Rico, son distinguibles a la situación que nos ocupa. El único criterio que podríamos conciliar como fundamento que nos permita ejercer nuestra función revisora, lo constituye la conclusión de que utilizar la frase Gobierno de Puerto Rico es un "acto partidista" identificado con el P.N.P que impone se sustituya por el de Estado Libre Asociado de Puerto Rico.
De ser esa la situación, se pone en práctica un severo precedente capaz de desarrollar límites no sospechados. Bajo tal premisa, tendríamos que, en virtud de ello, ordenar se sustituya en el logo del Departamento de Salud Estado Libre Asociado de Puerto Rico, por el de Gobierno de Puerto Rico. Asimismo, el gobierno central estaría impedido de dar información pertinente sobre el superacueducto o la taijeta de salud, entre otros, por ser proyectos vinculados con la obra bajo la administración del P.N.P. De igual forma, el Municipio de San Juan estaría impedido de anunciar las megaclínicas. Lo que realmente se prohíbe no es eso, sino evitar que símbolos políticos que hayan sido adoptados por un partido político para adelantar sus proposites se utilicen en los anuncios. Miranda v. C.E.E., supra.
De otra parte, cabe señalar que el Reglamento para el Control de Gastos de Difusión del Gobierno de Puerto Rico para las elecciones generales del 2000, específicamente la sección 1.4, define el termino de información de interés público como "toda divulgación que afecte en forma significativa los derechos, las obligaciones o el bienestar de la ciudadanía en general en el ámbito de responsabilidad de cada agencia de gobierno, según sus deberes y funciones, y que por ser vital, e indispensable se requiere que la ciudadanía advenga en conocimiento de la información propuesta. ”
Las disposiciones del Art. 8.001, supra, son claras e inequívocas, por lo que es pertinente recordar que "la ley es la expresión de un propósito o fin deseado y querido" y que el "texto claro de la ley es la expresión por *611 excelencia de la intención legislativa”, Rodríguez Rodríguez v. Gobernador, 91 D.P.R. 101 (1964).
En cuanto a la determinación del foro de instancia de prohibir la utilización de la frase "Nuestros Niños Primero", entendemos que es correcta. La misma es una utilizada e identificada con una campaña desarrollada por el P.N.P. y por la Oficina de la Primera Dama que ciertamente nada aporta al mensaje que se transmite. Como bien señala el foro de instancia, “permitir su uso sería concederle una ventaja al partido de poder para promover su postura; acción contraria a los principios perseguidos por el Art. 8.001, supra. ”
III
Por los fundamentos que anteceden, se expide el auto solicitado, se modifica la sentencia en cuanto a que la frase "Gobierno de Puerto Rico" sea utilizada para fines de los anuncios solicitados por el Departamento y así modificada se confirma.
La Juez Lady Alfonso de Cumpiano disiente en voto escrito.
Notifíquese inmediatamente por teléfono en cuanto a la parte dispositiva de la sentencia, así como la del voto disidente, y por telefax y la vía ordinaria en su totalidad.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General